NO. 07-06-0381-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 7, 2007
_____

J. W. MARSHALL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 92977; HONORABLE LARRY GIST, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant J. W. Marshall has given notice of appeal from a judgment of conviction and sentence for the possession of a controlled substance.  The appellate court clerk received and filed the trial court clerk's record on September 21, 2006.  The trial court reporter's record was filed on October 12, 2006.

New counsel for appellant was appointed on December 19, 2006 and appellant's brief due date was extended to March 2, 2007.  By our letter dated April 26, 2007, appellant was granted an extension to file the brief to May 21, 2007 with the admonition

that no other extensions would be granted absent extreme and unusual circumstances. Appellant was also notified that this appeal could be abated pursuant to Rule 38.8(b). No brief or other response has been received from appellant.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine:

(1)     whether appellant desires to prosecute this appeal;

(2)     if appellant desires to prosecute this appeal, then whether appellant is indigent, and if not indigent, whether counsel for appellant has abandoned the appeal;

(3)     if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and

(4)     what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental

reporter's record.  Those supplemental records shall be submitted to the clerk of this court no later than July 9, 2007.

Per Curiam

Do not publish.